JAMES T. CASSETTY and others *v.* ROBERT CAPPS and others.

## October Term, 1877.

RECEIVER — NOT APPOINTED AGAINST CO-TENANT RIGHTFULLY IN POSSESSION.— Equity will not, pending a suit for a sale of land for division among co-tenants, interfere, by the appointment of a receiver, with the lawful possession of one of the tenants, it not appearing that he disputes the title, or interferes with the possession of his co-tenants, especially if there is no sufficient averment of insolvency.

*Thoma*, for complainants.

THE CHANCELLOR : — On January 14, 1857, William Pash conveyed, for the consideration of $1,500 paid, lot No. 65 in the town of Nashville, fronting sixty feet on Line Street, to the defendant Robert Capps, in trust to hold the eastern half of said lot for the sole and separate use of Ann C. Capps, the wife of Robert Capps, during her natural life,

and at her death, in the events which have happened, the said eastern half was to be conveyed to her children then living, or the representatives of such as may be dead; and in trust to hold the western half of said lot for the sole and separate use of Rebecca Pash, the wife of the grantor, during her life, and at her death, in the events which have happened, the said western half was to be conveyed to the children of the said Rebecca then living, or the representatives of such as may be dead. Rebecca Pash died several years ago, leaving three children then living, to wit, Ann C. Capps, Susan B. Blount, and Mary McCullough.

On May 13, 1875, Ann C. Capps died, leaving six children then living, two of whom, Julia Cassetty and Robert W. Capps, are complainants in this bill, and the others infants and defendants. Mary McCullough has also died, leaving two children, who are infants and defendants. Susan B. Blount and her husband are complainants. The bill states that the lot has a good dwelling-house upon it, is worth about $5,000, and is not susceptible of partition, and asks for a sale for division. The bill further states that, owing to the present depreciation of real estate, an immediate sale is not desirable, and asks that a receiver be appointed. The bill further alleges that the defendant Robert Capps, who is the father of the children of Ann C. Capps, is in possession of the premises; and, having recently married a second wife, has turned his minor children out of doors, and refuses to provide for or maintain them. It is further charged that said Robert Capps " is probably insolvent, or in such condition that but very little can be made out of him by process of law." The case is before me at this time upon a motion of the complainants to appoint a receiver to take possession of the property.

From the above recital, it sufficiently appears that this is not, in fact, a bill for partition, but an ejectment suit by children to obtain possession of realty held by the father. The skeleton in the closet takes the not unusual shape of

a step-mother. It is precisely one of those cases in which the parties must stand upon their strict legal rights until the cause can be heard on its merits.

Upon the facts disclosed by the bill, the eastern half of the lot went, upon the death of Rebecca Pash, to her three daughters, one of whom was Ann C. Capps, the wife of Robert Capps. To the possession of this share as tenant by the curtesy, Robert Capps is clearly entitled. To the residue of the lot, on the showing of the bill, he does not seem to have any right or title. But I do not understand that equity will, *pendente lite*, interfere, by the appointment of a receiver, with the possession of a person having the legal title, even if that title be only to an undivided share of the property, it not appearing that he disputes the title or interferes with the right of possession of his co-tenants. His possession is clearly lawful. *Richmond* v. *Yates*, 3 Baxt. 204 ; *The State* v. *Allen*, 1 Tenn. Ch. 512. Moreover, the averment of insolvency is insufficient for the appointment of a receiver in a proper case. The motion must, therefore, be disallowed.